# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STAMPS BROTHERS OIL & GAS, LLC, ) ) Plaintiff, ) ) vs. ) ) CONTINENTAL RESOURCES, INC., ) ) Defendant. ) | Case No. CIV-14-0182-HE |

## ORDER AND FINAL JUDGMENT
## GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This is a class action lawsuit brought by Class Representative, Stamps Brothers Oil & Gas, LLC, on behalf of itself and as representative of a proposed Class of royalty and overriding royalty owners (defined below), against Continental Resources, Inc. (referred to at times as "Defendant" or "Continental") for the alleged non-payment of certain sums of interest to the putative class members and for other related relief, as described in the Class Representative's Petition and Amended Petition.

On October 27, 2016, the Class Representative and Defendant exchanged executed counterparts of the fully-composed Settlement Agreement dated as of October 24, 2016, with completed exhibits (the "Settlement Agreement"), finalizing the terms of the proposed Settlement.[1]

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

On April 6, 2017, the Court preliminarily approved the Settlement and issued its Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order") (Doc. 95). In the Preliminary Approval Order (Doc. 95), the Court, *inter alia*:

    a. certified the Settlement Class for settlement purposes only, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

    b. appointed Plaintiff, Stamps Brothers Oil & Gas, LLC, as Class Representative and the law firms of Pate & Wolfe and Taylor, Foster, Mallett, Downs, Ramsey & Russell as Class Counsel;

    c. preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and fact and expert analysis regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

    d. preliminarily approved the Settlement as being the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the

class and falls within the range of possible approval. *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011).

  e. preliminarily approved the form and manner of the proposed Notice, and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

  f. instructed the Settlement Administrator to disseminate the approved Notice to the Settlement Class and to publish the Summary Notice in accordance with the Settlement Agreement and in the manner approved by the Court, with all costs of administering such Notice to be borne by the Defendant;

  g. provided for the appointment of a Settlement Administrator;

  h. provided for the establishment of an Escrow Account;

  i. set the date and time for the Final Fairness Hearing as August 7, 2017 at 10:00 A.M. in the United States District Court for the Western District of Oklahoma; and

3

j.      set out the procedures and deadlines by which Settlement Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On August 7, 2017, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

a.      determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.      determine whether the notice method utilized by the Defendant: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and other applicable law;

c.      determine whether to approve the method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims;

4

d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against the Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

e. determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement Agreement and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows:**

1. The Court, for purposes of this Order and Judgment (the "Final Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2. The Court has subject matter jurisdiction over this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Defendant and Settlement Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

> All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners, from and after January 27, 2009, in oil and gas wells located in Oklahoma and operated by Continental, and from which Continental sold oil and gas production at any time from January 27, 2009, through June 30, 2015.

The Settlement Class claims are limited solely to the recovery of interest as provided by the Oklahoma Production Revenue Standards Act for Continental's alleged failure to make the first payment of royalties within six months of the date of first sale of production.

Persons and/or entities excluded from the Settlement Class are agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, publicly traded oil and gas exploration and production companies and their affiliates and subsidiaries, and persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the Releases provided for in this Final Judgment.

4. As used in this Final Judgment, the following terms shall have the following meanings:

a. **"Released Claims"** include all claims of Settlement Class Members or their successors or assigns against Continental, any subsidiaries or affiliates of Continental, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof (collectively "the Released Parties"), whether asserted or unasserted, known or unknown, in contract, tort, based on statute, or any other legal or equitable ground or theory, arising out of or relating to the calculation or recovery of interest as provided by the Oklahoma Production Revenue Standards Act for Continental's alleged failure to pay interest owed when the first payment of royalties or overriding royalties occurred more than six months from the date of the first sale of production from each Class Well as to the Claim Period.

  b. **"Released Parties"** means Continental, any subsidiaries or affiliates of Continental, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof.

  c. **"Claim Period"** means the period when Continental sold oil and/or gas production from the Class Wells commencing on January 27, 2009, and ending on June 30, 2015, and extends to claims for unpaid statutory interest that accrued with respect to oil and/or gas production sold during those months, without regard for when those interest payment obligations accrued.

  5. At the Final Fairness Hearing on August 7, 2017, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice provided to the Settlement Class, considering not only the pleadings and arguments of the Class Representative and the Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all absent Settlement Class Members.

  6. The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate,

7

and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and other applicable law. Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Defendant. The Court further finds that all Settlement Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

7. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the amount of the Settlement Fund, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Class Representative and Defendant at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the litigation, the extent of discovery and investigation, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. The Defendant is hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Final Judgment in the Action.

8. By agreeing to settle the Litigation, the Defendant does not admit, and Defendant instead specifically denies, that the Litigation could have been properly

maintained and certified as a contested class action lawsuit for litigation purposes, had the case been litigated rather than settled, and specifically denies any and all liability to the Settlement Class, Class Representative and Class Counsel.

9. The Court finds that on May 26, 2017, the Defendant caused proper and adequate notice of the Settlement to be served on the appropriate state official for each state in which a Settlement Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715; except that the notice intended to be sent to the Attorney General for the State of Vermont was sent to an incorrect addressee and address. That error was discovered on May 31, 2017, and the Defendant caused the appropriate notice to be sent to the correct address for the Attorney General of Vermont on May 31, 2017. The evidence presented to the Court shows that only 2 of the 13,623 addresses for mailed notices to potential class members were sent to addresses in the State of Vermont. In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Settlement Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for the Defendant to include on each such notice the names of each of the Settlement Class Members who reside in each state and the estimated proportionate share of each such Settlement Class Member who might submit a claim to a share of the Settlement Fund as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of putative Settlement Class Members residing in each state. No appropriate state

or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Final Judgment, under the provisions of 28 U.S.C. § 1715.

10. The Litigation and the Complaint and all claims included therein, as well as all Released Claims are dismissed with prejudice as to the Released Parties. All Settlement Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice and Preliminary Approval Order, on behalf of themselves and their respective predecessors, successors, and assigns, are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and are barred and permanently enjoined from prosecuting, commencing, or continuing any of the Released Claims against the Released Parties. The Class Representative and the Defendant are to bear their own costs, except as otherwise provided in the Settlement Agreement or in this Final Judgment.

11. The Court finds as reasonable para. 2.2(g). p. 14 of the Settlement Agreement (Doc. 91-1) wherein it was agreed that the attorney's fees of the Plaintiff and the Settlement Class, the Litigation Expenses, the Case Contribution Award and recoverable costs would be deemed to be a total of $1,550,000.00, to be paid by the Defendant in addition to the Settlement Fund. The Court has reviewed Plaintiff's Motion for Final Approval of

Attorney's Fees and Nontaxable Costs, Including Litigation Expenses and a Case Contribution Award (Doc. 97), the Declarations filed by Class Counsel and Brian Stamps, managing member of the Plaintiff, and heard the testimony of expert witness, Charles D. Watson, Jr.,in support of this request. The Court also notes that out of the thousands of notices that were mailed to class members, no objection to this provision of the Settlement Agreement has been filed. The Court hereby approves the Plaintiff's Motion for Final Approval of Attorney's Fees and Nontaxable Costs, Including Litigation Expenses and a Case Contribution Award (Doc. 97) in the total amount of $1, 550,000.00, and specifically finds and awards the following:

> Attorney's Fees to Class Counsel in the total amount of $1,419,725.60
>
> Litigation Expenses to Class Counsel in the total amount of $80,274.40
>
> Case Contribution Award to Plaintiff in the total amount of $50,000.00

12. The Court also approves the efforts and actions of the Settlement Administrator in assisting with certain aspects of the administration of the Settlement, and directs the Settlement Administrator to continue to assist the Class Representative and the Defendant in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Final Judgment and the Court's other orders.

13. Notwithstanding the foregoing paragraphs, nothing in this Final Judgment shall bar any action or claim by the Class Representative or the Defendant to enforce or effectuate the terms of the Settlement Agreement or this Final Judgment.

14. This Final Judgment and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto—shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Final Judgment or the Settlement Agreement or to defend or bring an action based on the Release provided herein, and are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any fact alleged in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted; the amount of damages, if any, that would have been recoverable in the Litigation; or any liability, negligence, fault, or wrongdoing of any person or entity.

15. The manner set forth in the Settlement Agreement and for Settlement Class Members to be afforded the opportunity to present claims, and to thereby receive a distribution from the Settlement Fund for timely and proper claims, is approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator, with the cooperation and assistance of the Defendant, are directed to administer the Settlement in accordance with the terms of the Settlement Agreement.

16. The Court finds that the Class Representative, the Defendant, and their counsel have complied with the requirements of the Federal Rules of Civil Procedure as to the proceedings and filings in this Action. The Court further finds that Class

Representative and Class Counsel adequately represented the Settlement Class in entering into the Settlement Agreement.

17. No Settlement Class Member shall have any claim against Class Counsel, the Defendant's counsel, the Released Parties, the Settlement Administrator or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement or the orders of the Court.

18. Except as may otherwise be set forth in the Settlement Agreement, this Final Judgment, or in other orders of the Court, neither Class Counsel, the Class Representative, the Released Parties, nor the Defendant's counsel shall have, as the case may be, any responsibility for, interest in, or liability with respect to: (i) the design, administration, or implementation of the claims process or the distribution of the Settlement Fund among Settlement Class Members; (ii) the determination, collection or administration of any applicable taxes that are not their burden by law; (iii) the payment or withholding of any potentially applicable taxes, expenses, or costs incurred in connection with the Settlement Fund or the filing of any tax returns, except to the extent applicable law expressly imposes that burden on them; or (iv) any expenses and costs incurred in connection with any of the above, except for those expenses and costs that may be expressly allocated to them in the Settlement Agreement.

19. No Settlement Class Member shall have any claim against Class Counsel, Class Representative, the Released Parties, or the Defendant's Counsel with respect to the items listed in the preceding paragraph.

20. Any further orders approving or, without objection by either the Class Representative or Defendant, modifying the claims process, the manner of the distribution of the Settlement Fund among Settlement Class Members, the application by Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or the request of Class Representative for a Case Contribution Award or reimbursement of reasonable costs and expenses, shall not disturb or affect the Finality of this Final Judgment, the Settlement Agreement, or the Settlement provided for therein.

21. Without affecting the Finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, the Defendant and the other Released Parties for the purposes of: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Final Judgment; (ii) supervising the distribution of the Settlement Fund; (iii) resolving any dispute regarding a party's right to terminate the Settlement pursuant to the Settlement Agreement; (iv) enforcing the terms of the Settlement Agreement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement; and (v) exercising jurisdiction over any challenge to the Settlement Agreement on any basis whatsoever.

22. In the event the Settlement is terminated as the result of a successful appeal of this Final Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Final Judgment shall be rendered null and void and shall be vacated to the extent provided by, and in

accordance with, the Settlement Agreement. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with including the repayment by Class Counsel of any attorneys' fees, costs and other litigation expenses that may have been previously awarded by the Court and received by Class Counsel. In such an event, all orders entered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Settlement Agreement.

23. In the event that Class Representative or the Defendant institute any legal action against the other to enforce any provision of the Settlement Agreement or this Final Judgment or to declare rights or obligations thereunder, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

24. The Released Claims asserted in this Litigation are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to paragraph 21 above to administer the Settlement, the claims and distribution process, and to issue any additional order reasonably needed for the implementation of the Settlement, or the Court's ruling pertaining to Class Counsel's request for attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional Orders in this Litigation, this Final Judgment fully disposes of the Released Claims as to the Defendant and other Released Parties as to the Class Wells and Claim Period and is therefore a final appealable

judgment. The Court expressly directs the Clerk of the Court to file this Final Judgment as a final order and final judgment in this Action.

25. Only two objectors (Tyesonn and Brandal Noe) out of thousands of class members have objected to any part of the proposed class settlement terms and procedures, and no one has objected to the fairness and appropriateness of the settlement overall. Each of those two objectors made the identical objection to only one provision of the Settlement Agreement. *Notices of Objection* (Doc. 139 and 140). That provision requires "[a]ll sums not finally and properly paid by the Settlement Administrator as of the conclusion of the claim administration process shall be returned to Continental together with any interest that has accrued on those funds." *Settlement Agreement* ¶2.2(f), p. 12 (Doc. 91-1). Instead, the Objectors "request that all unclaimed funds be distributed evenly to those class members who filed claims." *Notices of Objection* (Doc. 139 and 140).

The request by the Objectors that any remaining funds be subject to a second distribution process would be costly and could result in payments to class members beyond what they are owed under the Production Revenue Standards Act, 52 Okla. Stat. §570.1, et seq. The Objectors offer no rationale or support for their position that any "unclaimed funds" should be distributed to those class members who have already been compensated for their damages pursuant to the provisions of the Settlement Agreement. The objections are overruled.

IT IS SO ORDERED this 6th day of September, 2017.

/s/ Joe Heaton
JOE HEATON
UNITED STATES DISTRICT JUDGE

Attachments:

Exhibit 1: List of parties who have opted out of the Settlement Class and elected to not participate in this Litigation.